# COOS,

## JANUARY TERM, A. D. 1850.

### WILSON v. HANSON.

In foreign attachment the trustee is a competent witness as between the plaintiff and one claiming by assignment the debt attached by the process, and who has brought an action against the trustee for its recovery; since, if the claimant prevails, he will maintain his action against the trustee; and if the plaintiff prevails, the judgment may be pleaded by the trustee in bar of the further maintenance of the action against himself.

The debtor is a competent witness upon the trial of such a claim by the jury; and his deposition, taken by the direction of court, and annexed to the disclosure, according to the provisions of the Revised Statutes, chapter 208, section 22, is not competent evidence on such trial.

Whether a note, given for the settlement of a suit against a third person, is an extinguishment of the original claim, or collateral to it, is a question. of fact.

Upon the question whether the defendant had assigned to the claimant, before the commencement of the suit, the demand against the trustee, the sayings of the defendant before that time are not evidence.

FOREIGN ATTACHMENT. Hanson, the principal debtor, suffered default. The trustee disclosed that he was indebted upon a promissory note, dated May 14, 1846, for forty-five dollars, payable to William G. Wentworth, or order, on demand; that the note was given in part payment of the price of a horse which he bought of Hanson, and supposed to be his, and that the note was in form made payable to Wentworth at Hanson's request. Wentworth had obtained leave to appear and maintain his claim to the note, and had filed a statement, in which he alleged

that the note was assigned and delivered to him by Hanson before the service of the writ, for a valuable consideration, and in discharge of a preëxisting debt; that the note was due and payable to him, and was his property.

The plaintiff elected a trial by jury, and an issue was joined upon a traverse of the plaintiff's claim. Upon the trial the plaintiff offered as a witness Joseph C. Cady, the trustee. Wentworth objected, because that since the commencement of this suit Wentworth had brought an action on the note, which was still pending, and in which Cady would be liable for costs in the event of Wentworth's succeeding in this. But the court admitted him to testify.

The writ in this case was served on the 6th of July, and upon the question whether the note had been assigned to Wentworth before that time, there was a conflict of evidence. Upon that point the plaintiff offered to prove by Cady that on the 4th of July Hanson several times requested him to pay the note, or give security for its payment; but it did not appear that Hanson then had possession or control of the note, although one witness testified that on a later day Hanson exhibited and offered to sell it to him.

At a former term of the Court of Common Pleas a commissioner had been appointed to take evidence to be annexed to the disclosure, and several depositions so taken had been filed in court, among which that of Hanson was offered by Wentworth at the trial; but was, upon the objection of the plaintiff, rejected by the court.

The claimant, Wentworth, having in his statement alleged that the note had been assigned and delivered to him in payment of a debt, introduced evidence to show that Hanson, in 1845, was sued by one Roby, and that he, Wentworth, gave his note to Roby for about sixty dollars, to settle the action; and this was all the direct evidence of Hanson's indebtedness to Wentworth. The court being requested by the plaintiff to charge the jury as to what

Wilson *v.* Hanson.

would constitute a debt in favor of the claimant against Hanson, instructed the jury that if upon the evidence they found that Wentworth assumed the debt to Roby, and made it his own, Hanson then became indebted to Wentworth in an equal amount; but that if they believed Wentworth merely gave his security for Hanson, and Hanson agreed that he would himself pay the debt to Roby, then Hanson's contract with Wentworth would be merely to indemnify him, and not to pay him a debt.

The claimant excepted to the foregoing rulings and instructions. A verdict was found for the plaintiff, which the claimant moved might be set aside; and the questions arising upon the exceptions were transferred to this court for determination.

*Cooper* and *Bellows,* for the plaintiff.

*Whidden* and *Fletcher,* for Wentworth.

GILCHRIST, C. J. If Cady is charged as trustee in this suit, as he will be if Wentworth fails to support his claim to the note, he may plead the matter in bar of the further maintenance of the action of Wentworth against him. In that event he will be charged with the costs up to the time of the plea. *Bailey* v. *Marsh,* 3 N. H. 274. If, however, Wentworth makes good his claim to the note, he proceeds of course in his action against Cady, who will in that case also have the costs to pay. In either event Cady seems likely to be charged with the costs of that suit, so far as any judgment which can be obtained in this can be made use of to affect the case. So he stands indifferent, and without any interest in the result of this suit, and therefore not subject to the objection taken against his testifying as a witness. He was properly admitted to testify.

Wilson v. Hanson.

It appears that Hanson was sued by one Roby, and that Wentworth gave his note for about sixty dollars to Roby to settle the suit. That is all the evidence, and we think that it does not conclude the question which the court below charged the jury to consider: namely, whether, in giving such a note, Wentworth assumed the debt, and so made Hanson his debtor; or only gave his note as collateral to Hanson's undertaking to pay that or some other sum in satisfaction of Roby's claim. For, giving a note, whether by the debtor or by a third person, does not of itself extinguish the claim for which it was given; and, in the absence of some evidence that a novation of the debt was agreed to by all the parties, Hanson would not become the debtor of Wentworth till the latter should have paid something for him on account of it. The jury were, in our judgment, correctly instructed in that particular, and the exception does not prevail.

The deposition of Hanson, taken by the commissioner, and filed in the case, was not taken in the manner, as respects notice and other particulars, in which depositions are by law required to be taken to be used on trials, nor was it taken for the purpose of being used on the trial of the cause by the jury. It was taken in pursuance of the provisions of the 22d section of the 208th chapter of the Revised Statutes, to be used, with the disclosure, by the court. Upon an issue to the jury, the disclosure is, by section 28, made evidence, and the debtor in express terms a competent witness. This, following the provisions of the 22d section, allowing his testimony to be taken as the court may direct, and appended to the disclosure, is a strong confirmation of the inference which would otherwise be drawn, as to the limited use to be made of his testimony, as authorized by the 22d section. He is a competent witness on the trial, and should be called and examined, or his deposition should be taken in the ordinary manner, if required. The deposition was properly rejected by the court at the trial.

Upon the question whether the note which Hanson took of Cady in the name of Wentworth, had or had not been assigned to the latter at the time of the service of the writ in this case, it was wholly immaterial to inquire whether or not Hanson had held himself out as the actual owner of it two days before. If he had the note at the time he demanded payment of Cady, that possession was evidence that the assignment was not perfected, which derives no appreciable corroboration from the demand which he made. If he had it not, then whatever he might have said was in no sense part of a *res gesta* bearing upon the question at issue.

But the party whose words were offered in evidence was himself a competent witness by the statute, and had no interest in the result of the suit, beyond a choice whether one or the other of two creditors should have the avails of the note against Cady; a position which the law regards as one of indifference. The court below, therefore, erred in admitting evidence of what he said to Cady on the 4th of July; and the exception to this ruling must in consequence prevail against the verdict.

*New trial granted.*